**Charles and Nancy HULSEY, husband and wife, on Behalf of Wesley HULSEY, a minor child, Petitioners,**

**v.**

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 88–46V.

United States Claims Court.

Jan. 24, 1990.

---

Stephen M. Weiss, Tucson, Ariz., for Petitioners.

Gemma Flamberg, Dept. of Health and Human Services, with whom were Acting Asst. Atty. Gen., Stuart E. Schiffer and John Lodge Euler, Dept. of Justice, for respondent.

## OPINION [1]

MARGOLIS, Judge.

This vaccine case comes before the court on objections of respondent, the Secretary of the Department of Health and Human Services (HHS), to the Report and Recommendation of Judgment filed by Chief Special Master Gary J. Golkiewicz. The Report was filed on October 13, 1989, pursuant to § 300aa–12(c)(2)(E) of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–10 *et seq.*, as amended, (1987) (Act or Vaccine Act).

Petitioners Charles and Nancy Hulsey bring this action on behalf of Wesley Hul-

---

1. This opinion may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12(c) (1987). Accordingly, within fourteen (14) days of the date of filing this opinion, the parties shall designate any material subject to § 300aa–12(c) and such designated ma- terial will be deleted for public access. If on review of this opinion there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to § 300aa–12(c).

sey, an 11-year old boy who, petitioners allege, suffered brain damage as a result of a Diphtheria–Pertussis–Tetanus vaccination. After a hearing at which the respondent chose not to participate, the Special Master awarded $889,720 to the petitioners for future medical and rehabilitative expenses, and attorneys' fees and costs of $25,290.58.

Respondent objects to four of the findings in the Special Master's Report. Respondent argues that the Special Master erred by awarding the costs of a 24-hour per day companion for the minor child, and the costs of a fiduciary to manage the proceeds of the sums awarded. Next, respondent argues that the Special Master erred by failing to offset payments which might be made in the future by the Arizona Health Care Cost Containment System (AHCCCS). Finally, respondent argues that the Special Master erred by failing to consider a medical review submitted by letter outside of the record. During oral argument, respondent withdrew the fourth objection, so the court need not address the issue of whether the medical review was or ought to have been considered by the Special Master.

After a careful review of the thorough and comprehensive Report and the entire record, and after hearing oral argument, the Court adopts the Report and Recommendation of the Special Master, including the recommended findings and conclusions of law, except as noted herein. The petitioners have demonstrated by a preponderance of the evidence the matters required in the petition.

*Companion Care*

■ Respondent challenges the Special Master's finding that Wesley Hulsey will require the services of a 24-hour per day companion commencing at 18 years of age, arguing that it is reasonable to assume that Wesley will spend at least part of each day in otherwise supervised activities. Respondent concedes that Wesley will require some form of supervision at all times, but argues that he is likely to receive some of that supervision during sessions of occupational and cognitive therapy, and other day-time activities. During oral argument, respondent noted that companion care for some reduced amount of hours (*e.g.,* 12 to 16 hours per day) would be reasonable. On the basis of the record, the court adopts the Special Master's recommendation as to the amount requested. The Special Master awarded $589,761 for companion care, basing this figure on a rate of $52.50 per day. Even if this court were to discount by some fraction the number of hours of care required, the amount of award could not properly be diminished. A companion earning only the statutory minimum wage for 16 hours per day (or two companions working a standard 8-hour day) would earn more than the $52.50 per day used to compute the award.

*Offsetting Payments*

■ Respondent objects to the Special Master's Report because he failed to reduce the compensation amount by offsetting potential reimbursements from AHCCCS. Section 300aa–15(g) of the Act states that compensation shall not be made "for any item or service to the extent that payment has been made, *or can reasonably be expected to be made,* with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program ..." (emphasis supplied). The Special Master found the possibility of payment and the amount of any such payment to be too speculative to support an offset to the award. The petitioners have made a good faith effort to contact AHCCCS officials, and have persisted in their attempt to determine how much compensation, if any, may be available for Wesley's treatment. As the statutory deadline for resolution of this case approaches, the record remains devoid of any evidence that any such payments "can reasonably be expected to be made." Therefore, the Special Master did not err in failing to offset the compensation award.

■ However, it is noted that § 300aa–17(a) of the Act states that the Vaccine Program "shall be subrogated to all rights of the petitioner[s] with respect

to the vaccine-related injury ... for which compensation was paid." Therefore, if Wesley Hulsey does qualify for benefits from AHCCCS in the future, and in fact receives payments for treatments specifically covered by this award, petitioners shall be obligated to reimburse the Vaccine Program for the amount of those payments.

*Fiduciary Services*

The Special Master awarded $66,676 for the costs of fiduciary services for Wesley Hulsey after he reaches the age of majority. Although the court recognizes that Wesley will be unable to manage his finances, it can find no statutory authority to support such an award. Respondent correctly notes that the Vaccine Act constitutes a limited waiver of sovereign immunity, and that the Act itself enumerates the only types of services for which compensation may be granted.

■ Petitioners and the Special Master attempt to classify fiduciary services as "case management services," which are specifically allowed under § 300aa–15(a)(1)(B)(iii). The Act itself does not define "case management services," and neither petitioners nor the Special Master provides this court with a suggested definition. Respondent, citing federal agency regulations which define "case management services," argues that "case management services" is a term of art which encompasses the coordination of social and medical services from various sources. This court agrees that fiduciary services do not fall within that definition.[2]

Indeed, virtually every petitioner receiving an award for long-term care under the Act would benefit from the services of a fiduciary. Congress could have provided a statutory framework permitting compensation for such services, but it did not do so, and this court cannot do so in its place. Accordingly, the Special Master's recommendation of an award of $66,676 for fiduciary services is not accepted, and the Spe-

cial Master's recommendation for total compensation is reduced by that amount.

## CONCLUSION

Petitioners are entitled to an award of $823,044 for future medical and rehabilitative expenses. Petitioners are further entitled to recover reasonable attorneys' fees and other costs in the amount of $25,-290.58, including $19,137 in attorneys' fees and $6,153.58 in costs. Accordingly, the Clerk shall enter judgment for the petitioners in the amount of $848,334.58. No other costs are to be awarded. Attorneys' fees and costs shall be paid in full as part of the first installment payment.

---

2. Of course, if the respondent had participated in the hearing before the Special Master and not withdrawn his appearance, the Special Master would have had the benefit of the respondent's argument at that time.